Fernando **ARAUJO–FLORES,** Petitioner,

v.

Eric H. **HOLDER, Jr., Attorney General, Respondent.**

No. 13–71186.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2014.

Filed April 21, 2014.

Fernando Araujo–Flores, Gadsden, AL, pro se.

Stephen Tollafield, Assistant Director, Hastings College of the Law, San Francisco, CA, Gary A. Watt, Esquire, Archer Norris, Walnut Creek, CA, for Petitioner.

Rachel Louise Browning, Trial, Lindsay M. Murphy, Trial, Oil, Jane Tracey Schaffner, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Security, San Francisco, CA, for Respondent.

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.*

## MEMORANDUM **

Fernando Araujo–Flores, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals order affirming the Immigration Judge's finding that he was removable as a controlled substances offender. *See* 8 U.S.C. § 1227(a)(2)(B)(i). We deny the petition for review.

Araujo–Flores was convicted for violations of California Health & Safety Code § 11550(a). That statute criminalizes being under the influence of a specified and finite list of substances (a subset of California's controlled substances schedules), which are set out in the disjunctive. A plain reading of the statute therefore reveals that it "list[s] potential offense elements in the alternative." *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013); *see also Coronado v. Holder,* No. 11–72121, 747 F.3d 662, 668–69, 2014 WL 983621, at *4 (9th Cir. Mar. 14, 2014) (holding a drug possession statute containing language virtually identical to the drug intoxication statute at issue here to be divisible). As such, the statute under which Araujo–

Flores was convicted is divisible, and we can therefore apply the modified categorical approach.[1]

The judicially noticeable documents that form the record of Araujo–Flores's two convictions reflect a plea of guilty to count 1, charge "HS11550(a)." The charging documents, also judicially noticeable, are single-count complaints charging Araujo–Flores in count 1 of being "under the influence of a controlled substance, to wit: methamphetamine, in violation of HEALTH AND SAFETY CODE SECTION 11550(a)." Looking at the charging documents in conjunction with the plea of guilty and the court minutes memorializing the judgment, we are left with no doubt that Araujo–Flores pled guilty to being under the influence of methamphetamine. *See, e.g., United States v. Valdavinos–Torres,* 704 F.3d 679, 687–88 (9th Cir.2012). Methamphetamine is a substance controlled under the federal Controlled Substances Act. *See* 21 C.F.R. § 1308.12(d)(2). Accordingly, Araujo–Flores's offense of conviction qualifies as a controlled substances offense under 8 U.S.C. § 1227(a)(2)(B)(i) and is a proper basis for his removal.

**PETITION DENIED.**

---

* The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. For purposes of reaching this conclusion, we grant Araujo–Flores's motion to take judicial notice and take notice of the jury verdict forms from *People v. Nguyen.* The jury verdict forms do not and cannot change the plain meaning of the statute.